# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| DANICE NOELLE GARLAND, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. 4:11-548 |
| § | | |
| UNITED STATES DEPARTMENT OF § | | |
| JUSTICE National Security Division, § | | |
| *et al.*, § | | |
| Defendants. § | | |

## MEMORANDUM AND ORDER

In this FOIA suit, Plaintiff Danice Noelle Garland has filed a Motion for Mistrial and Change of Venue to the U.S. District Court, Eastern District of Virginia, Alexandria Division [Doc. # 20]. At the initial pretrial conference on June 27, 2011, counsel for Defendants stated that he does not oppose the transfer.

Section 1404(a), 28 U.S.C., provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[1] The party moving to transfer venue under § 1404(a) has the burden of proving that venue should be

---

[1] 28 U.S.C. § 1404(a); *Casarez v. Burlington Northern/Santa Fe Co.*, 193 F.3d 334, 339 (5th Cir. 1999).

transferred.[2]  The Court considering a transfer must evaluate factors including the plaintiff's choice of forum, the availability and convenience of witnesses and parties, the location of books and records, and the possibility of delay or prejudice if transfer is granted.[3]  In addition, courts should consider other factors that may play into general considerations of interests of justice.[4]

When Plaintiff filed this civil action she resided in Pasadena, Texas, within the Southern District of Texas, Houston Division.  However, she now resides in Vienna, Virginia,[5] which is in the Eastern District of Virginia, Alexandria Division.  The Defendant agencies and the relevant records and witnesses are not located in the Southern District of Texas, but rather in the Eastern District of Virginia or nearby districts.  The Court holds that the Eastern District of Virginia is a more convenient forum for the for the parties and witnesses and that the interests of justice would best be served by transfer.  It is therefore

---

[2]   *See Peteet v. Dow Chemical Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989).

[3]   *Carlile v. Continental Airlines, Inc.*, 953 F. Supp. 169, 170 (S.D. Tex. 1997).

[4]   *See State Street Capital Corp. v. Dente*, 855 F. Supp. 192, 197 (S.D. Tex. 1994); *Gundle Lining Const. Corp. v. Fireman's Fund Ins. Co.*, 844 F. Supp. 1163, 1165 (S.D. Tex. 1994).

[5]   Notice of Change of Address [Doc. # 22].

**ORDERED** that, by the agreement of the parties, Plaintiff's Motion for Mistrial and Change of Venue to the U.S. District Court, Eastern District of Virginia, Alexandria Division [Doc. # 20] is **GRANTED IN PART**. This case is **TRANSFERRED** to the United States District Court for the Eastern District of Virginia, Alexandria Division.

SIGNED at Houston, Texas, this **30th** day of **June, 2011**.

Nancy F. Atlas
United States District Judge